## Case No. 10,010.

### NAPIER et al. v. SERVER et al

[2 Wkly. Notes Cas. 400.]

District Court, E. D. Pennsylvania.   Dec. 28, 1875.

RESULTING TRUST — ELECTION BY PRINCIPAL OF SECURITIES IN DEBT OWED BY AGENT.

Money was given to an agent to purchase real estate, which the latter did in his own name, and, becoming insolvent, conveyed it to his principal. Eight months previously the latter had taken from the agent a single bill for all moneys advanced, including that with which the real estate was purchased, and this whole claim was proved against the agent's estate in bankruptcy. Held, that as the consideration of the single bill included the money advanced to buy the real estate, no resulting trust could be asserted by the principal, and a reconveyance was ordered to the assignee.

[This was a bill in equity by A. D. Napier & Co., to the use of Jacobs, assignee, against Angelina A. Server and John P. Server.]

The case was heard on bill, answer, and proofs. On January 1, 1872, John P. Server, one of the defendants, purchased a house and lot in the city of Philadelphia; and on January 1, 1873, entered into articles of partnership with E. C. Wells and S. C. Gray, under the firm name of Wells, Gray & Server. On the same day he gave his mother, the other defendant in this case, a judgment note

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

for $8,690 which was subsequently proved against his estate in bankruptcy. On September 4, 1873, Wells, Gray & Server stopped payment. On the same day Server conveyed the premises in question to his mother without consideration. A petition in bankruptcy was subsequently filed against Wells, Gray & Server, and they were adjudicated bankrupts. Pending these proceedings, A. D. Napier & Co., firm creditors, filed this bill, alleging the above facts, and praying, inter alia, for a decree against Server's mother for a reconveyance of the premises to the assignee of the bankrupt firm.·

Witnesses testified, on the part of the defendants, as follows: Mrs. Server, the defendant, had requested her son to buy the property for her, and had given him $4,000 to pay the purchase-money. He had stated at the time of the purchase to the agents of the vendor that he was buying the house for his mother. Mrs. Server had advanced to her son, in addition to the $4,000 to buy the house, at different times prior to 1875, various sums amounting to $8,690; but no sufficient resources were shown on Mrs. Server's part to have enabled her to have given her son the additional $4,000; and there was evidence that Server had stated to a creditor that he owned the house himself.

Wilson & Ward (with whom were Earle & White), for plaintiffs, argued that the conveyance by Server to his mother without consideration, on the day the firm of which he was a member stopped payment of their commercial paper, was prima facie in fraud of creditors, and the burden of proof was on the defendants to establish a resulting trust. Cook v. Fountain, 3 Swanst. 585; Kaine v. Weigley, 10 Har. [22 Pa. St.] 183; Shontz v. Brown, 3 Casey [27 Pa. St.] 123; Prevost v. Gratz, 6 Wheat. [19 U. S.] 481; Alexander v. Todd [Case No. 175]. That the declarations of Server at the time of the purchase of the house were insufficient to prove the trust. Sidle v. Walters, 5 Watts, 389; Lloyd v. Lynch, 4 Casey [28 Pa. St.] 419; Blyholder v. Gilson, 6 Har. [18 Pa. St.] 134. As the defendants had failed to prove that Mrs. Server had an estate sufficient to enable her to advance to her son $4,000 to purchase the house, in addition to $8,690, the consideration of the note of January 1, 1873, the acceptance of the note was a settlement of accounts between the parties, and Mrs. Server thereby elected her security, and the resulting trust fell.

Mr. Hepburn, contra, contended that the property having been purchased with Mrs. Server's money, a trust resulted in Server for her; that the conveyance of September 4, 1873, was a transfer of the legal title in accordance with her equitable interest; and that the failure of the defendants to prove the full consideration of the note for $8,690 did not affect Mrs. Server's equity, but she should be allowed to remit her claim, pro

tanto; citing Post v. Corbin [Case No. 11,-299]; Scammon v. Cole [Id. 12,432]; Fisher v. Henderson [Id. 4,820]; In re Brand [Id. 1,809]; In re Clark [Id. 2,806]. And that the plaintiffs had no equity by reason of the defendant controlling the individual creditors of John P. Server, and, therefore, that nothing but costs could result to the assignee in bankruptcy, the property being admitted to be the individual property of John P. Server.

CADWALADER, District Judge. I think it established that the defendant, Mrs. Server, furnished the money with which the equity of redemption of the house in Mount Vernon street was bought, and if the conveyance by her son, the bankrupt, to her had been made on or before the 1st of January, 1873, I would have considered it the mere execution by him of the trust in her favor, which resulted from her ownership of the money. But on the 1st of January, 1873, she accepted from him the single bill for $8,-690, of which she has made proof in bankruptcy. If the consideration of this obligation included the $4,000 paid for the equity of redemption in question, there could be no subsequent assertion of a resulting trust. I do not think it would be safe to rely upon the testimony which is adduced by the defendant to show that the settlement of 1st January, 1873, on which the obligation for $8,690 was received, did not include the $4,000 in question. Her testimony, unsupported by that of her son, would not suffice, and his testimony is in this respect vague and improbable, and is contradicted by his statement to a creditor that he owned the house himself.

Therefore it is decreed that the defendant convey the house and lot of ground in question, with the appurtenances, to the complainant and his heirs, in trust for the uses and purposes of the trust vested in him under the bankrupt law of March, 1876, and the suppletory and amendatory acts of congress. But I think that the costs of this conveyance and the complainant's costs in this case ought to be paid out of the separate estate of the bankrupt, John P. Server, and that the defendant's proof, already made in the court of bankruptcy, should be allowed.